## Margaret Forrest, Widow of John Forrest, Deceased, Appellant, v. The Philadelphia, Wilmington & Baltimore Railroad Company.

*Negligence—Death—Railroads.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, it appeared that on the day of the accident the defendant had backed a number of empty freight cars into a quarry where the deceased was working. The cars were not left at the place where they were wanted, and the engine was sent for to move them. Before the engine arrived a blast was discharged in the quarry and a fragment of stone struck the shaft of a derrick with such force as to break it into two pieces, and thereby to slacken and let down the wire guy rope which supported the derrick, and which was about three-fourths of an inch in thickness. The weeds and grass in and along the track were high enough to make it difficult to see the rope until within a few feet of it. Soon after this accident had happened the engine and crew returned to place the cars in proper position. One of the owners of the quarry stood at the entrance of the yard and directed the movements of the train. He knew of the falling of the rope, and intended to notify the trainmen, but he did not. While the cars were being moved under his orders the rear car struck the rope with its wheels, in consequence of which a part of the shaft with which it was connected fell, and struck and killed the deceased. The track was not under the railroad company's care, but belonged to the quarrymen, and was within their private grounds. The brakeman was at a proper point on the train to see any visible obstruction, and to warn the engineer. Neither the brakeman nor any of the trainmen knew of what had happened during their absence from the yard. *Held*, that there was no proof of negligence on the part of the railroad company, and that the plaintiff was not entitled to recover.

Argued Feb. 12, 1896. Appeal, No. 131, Jan. T., 1896, by plaintiff, from judgment of C. P. Delaware Co., March T., 1893, No. 97, for defendant, non obstante veredicto. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $1,200. The court subsequently entered judgment for defendant, non obstante veredicto.

*Error assigned*, was in entering judgment for defendant.

*David F Rose*, *J. B. Hannum* with him, for appellant.—The court very properly submitted that question of negligence to the jury, and the jury found from the evidence that the defendant was guilty of negligence: Noll v. Phila. & Reading R. R., 163 Pa. 504; McGrew v. Stone, 53 Pa. 442; North Pa. R. R. v. Mahoney, 57 Pa. 187; Weimer, Penna. R. R. Law, sec. 447, p. 719; Haverly v. State Line & Sullivan R. R. 135 Pa. 50; Penna. R. R. v. Hope, 80 Pa. 373; Hoag & Alger v. Lake Shore & Mich. R. R., 85 Pa. 293; Penna. R. R. v. Lacey, 89 Pa. 458; Bunting v. Hogsett, 139 Pa. 363; Oil City Gas Co. v. Robinson, 99 Pa. 1; Behling v. Pipe Lines, 160 Pa. 359; Scott v. Hunter, 46 Pa. 192; Drake v. Kiely, 93 Pa. 492; Davies v. McKnight, 146 Pa. 610.

*John J. Pinkerton*, for appellee.—There was no proof of negligence on the part of the defendant. Penna. R. R. v. Kerr, 62 Pa. 353; Ryan v. N. Y. C. R. R., 35 N. Y. 210; West Mahanoy Twp. v. Watson, 116 Pa. 344; Passenger R. R. v. Trich, 117 Pa. 390; Ryan v. N. Y. Cent. R. R. 35 N. Y. 210.

OPINION BY MR. JUSTICE WILLIAMS, March 2, 1896:

The plaintiff sues to recover damages for the death of her husband who was killed on the 22d day of October, 1892. He was an employee of Mullin and McIntyre, and at work in their quarry on the day of the accident. The railroad company, defendant, had backed fourteen empty freight cars into the quarry yard during the morning for loading. They were not left at the place where they were wanted and the engine and crew were sent back to move the cars to the point where they were wanted. While the engine and crew were away from the yard, before the cars were satisfactorily placed, a blast was discharged in the quarry. A fragment of stone was blown by it against the wooden shaft of the derrick with such force as

to break it into two pieces and thereby to slacken and let down the guy ropes by which the derrick had been supported. The rope was of wire about three-fourths of an inch in thickness and the weeds and grass in and along the track were high enough to make it difficult to see the rope until within a few feet of it. Soon after this accident had happened, the defendant's engine and crew returned to complete their work of placing the empty cars. The owners of the quarry, or one of them, was at the entrance of the yard to signal the engineer and guide the movements of the train. He knew of the falling of the rope and intended to notify the train men, but he did not. On the contrary, he signalled to the engineer to enter the yard and pointed out the place at which the cars were needed. While the cars were being moved under his order, the rear car struck the rope with its wheels, in consequence of which a part of the shaft with which it was connected fell, or was thrown, down and striking Forrest, inflicted the injury from which he died. The theory of the plaintiff was that the death of Forrest was due to negligence on the part of the train men in backing the cars against the fallen rope. It was clear however from the evidence that the train men had no notice of what had happened during their brief absence from the yard. The track was not under the defendant's care but belonged to the quarrymen, was under their care, and within their private grounds. The train was under the general direction of the quarrymen. The brakeman was at a proper point on the train to see any visible obstruction and to warn the engineer. The rope was not visible at any distance, and was not of a size to obstruct the motion of the train if it had been seen. Its connection with a fragment of the shaft was not known to the brakeman and there was nothing visible to affect him with notice. Upon this state of the evidence, the learned judge held in disposing of the reserved question that there was no such proof of negligence as would support a verdict against the company and that in any event the running against the rope was not the proximate cause of the death of Forrest. He was clearly right as to the first of these propositions. There was no proof of negligence. We do not think the other question, viz: that of remote or proximate cause is necessarily involved in this case, and its discussion is uncalled for. The assignments of error are not sustained and the judgment is affirmed.